### N. Bergmeyer v. Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 3—823.]

**Criminal Law—Sale of Liquor in Greenup County.**

    2 Session Acts (1878), Ch. 1062, § 2, provides that it shall be a criminal offense to sell or dispose of any spirituous, vinous or malt liquors in Greenup county in less quantities than one-half gallon, and any such offenders will be deemed to have violated the general laws of the state against keeping a tippling-house and subject to the penalties provided for such offenses.

**Evidence of Selling Liquors.**

    In a charge against one for selling spirituous, vinous or malt liquors in Greenup county, under the provisions of 2 Sess. Acts (1878), Ch. 1062, § 2, it is not necessary for the state to show that the defendant has been guilty of twice selling such liquor in order to convict, but it is competent to show any number of sales which he may have made to the person named in the indictment within one year prior to the finding of the indictment.

### APPEAL FROM GREENUP CIRCUIT COURT.

May 25, 1882.

Opinion by Judge Hargis:

It is provided by § 2 of an act to regulate the sale of spirituous, vinous and malt liquors in the county of Greenup that "if any person or persons shall sell or dispose of any spirituous, vinous or malt liquors in Greenup county, in less quantities than one-half gallon, they shall be deemed to have violated the general laws of this commonwealth made and provided against keeping a tippling house, and, upon presentment and conviction, shall be subjected to the penalties therein provided for against such offenses." 2 Sess. Acts (1878), Ch. 1062.

The appellant was, subsequent to the passage of said act, indicted, tried and convicted of the offense of selling malt liquors in a less quantity than a one-half gallon in said county, and fined the sum of $60, which is the penalty for keeping a tippling house, and he has appealed from the judgment.

The act which is forbidden and made punishable by this statute, is the sale or disposition by bargain, of either spirituous, vinous or malt liquors in quantities less than one-half gallon, and

the penalty prescribed for that offense is the same as that denounced against persons for keeping a tippling house. There is but one penalty for keeping a tippling house provided by the general laws of this commonwealth, and that penalty is $60. The statute under consideration has no reference to the acts necessary to constitute the offense of keeping a tippling house under the general law. This statute refers to those laws solely for the purpose of fixing the penalty for the act forbidden by it.

It was not necessary for the commonwealth to show that the appellant had been guilty of twice selling, in order to convict him of the offense charged; but it was competent to show, by the evidence, any number of sales which appellant may have made to the person named in the indictment within one year prior to the finding of it, as to all of which, so shown, this trial would be a bar to any future prosecution therefor. Nor is it the law, as urged, that one act of selling subjects the offender, under this act, to the penalty fixed by the general laws for retailing.

This act is particular in its application to Greenup county, and it prohibits the authorities from licensing persons to sell and also authorizes the infliction of a fine upon all persons who sell spirituous, vinous or malt liquors in any quantity less than one-half gallon in said county. The amount of the fine can not be any more or less than is inflicted by the general laws for keeping a tippling house, because the special statute says so in so many words, and we are not authorized by construction to do away with their plain import.

Judgment *affirmed.*

*Roe & Roe, Wm. Lindsay, for appellant.*

*P. W. Hardin, for appellee.*